IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE JOHNSON and CHRISTINA SKELDON, individually, and on behalf of other persons similarly situated<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>NCR CORPORATION,<br><br>　　　　　　　　Defendant. | Case No. ___ |

**NOTICE OF REMOVAL**

1.　　Defendant NCR Corporation ("NCR"), by and through its undersigned attorneys, and pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, hereby files this Notice of Removal of Case No. 2022-CH-04265, which was pending in the Circuit Court of Cook County, Illinois. As grounds for removal, NCR States as follows[1]:

**PROCEDURAL HISTORY AND BACKGROUND**

2.　　On or about May 4, 2022, Plaintiffs Michelle Johnson and Christina Skeldon filed a Class Action Complaint in the Circuit Court of Cook County, captioned as *Michelle Johnson and Christina Skeldon, individually, and on behalf of all others similarly situated v. NCR Corporation*, Case No. 2022-CH-04265. NCR was served with the summons and a copy of Plaintiffs' Complaint on May 12, 2022.

---

[1] NCR reserves all rights, defenses, and objections, including but not limited to defenses and objections relating to venue and personal jurisdiction, and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

3. Plaintiffs' Complaint asserts a claim for alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

4. NCR is the only Defendant in this action.

5. NCR has not yet responded to Plaintiffs' Complaint. Plaintiffs have filed a Motion for Class Certification and Request for Discovery on Certification Issues. The Parties have not yet filed or served any other pleadings.

6. Copies of "all process, pleadings, and orders served upon ... defendant" in this action are attached hereto. *See* 28 U.S.C. § 1446(a). A copy of Plaintiffs' Class Action Complaint is attached as Exhibit 1. A copy of the Summons issued to NCR is attached as Exhibit 2. A copy of the Notice of Service of Process of the Summons and Complaint is attached as Exhibit 3. A copy of the Plaintiffs' Motion for Class Certification and Request for Discovery on Certification Issues and accompanying exhibits is attached as Exhibit 4.

**GROUND FOR REMOVAL**

**I.    Class Action Fairness Act, 28 U.S.C. § 1332(d)**

7. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), which grants to the United States District Courts original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs," and which is a "class action" where there is, among other things, minimal diversity, meaning "any member of a class of plaintiffs is a citizen of a State different than the defendant." 28 U.S.C. § 1332(d).

8. The Complaint meets all of the requirements for jurisdiction under CAFA. Plaintiff brings the complaint "individually and on behalf of all others similarly situated" (Ex. 1 at 1), qualifying it as a class action. *See* 28 U.S.C. § 1332(d)(1)(B). The Complaint alleges facts making the amount in controversy greater than $5,000,000. *See id.* § 1332(d)(2). At least one

member of the proposed class is a citizen of a state different than NCR. *See id.* NCR is the sole defendant, and NCR is not a State, State official, or government entity. *See id.* § 1332(d)(5)(a). And the number of members of the proposed class is greater than 100. *See id.* § 1332(d)(5)(b).

    **A.**    **Amount in Controversy**

    9.    To satisfy CAFA's amount in controversy requirement, there only needs to be a "a reasonable probability that the stakes exceed" $5,000,000. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Defendants face an inherent "difficulty ... when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). As a result, "[t]he party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Id*. (citing *Brill*, 427 F.3d at 448 (7th Cir. 2005)). This burden thus "is a pleading requirement, not a demand for proof." *Id*. (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)). "A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Id.*

    10.    NCR denies the validity and merit of Plaintiffs' alleged claims, including the legal theories upon which they are based and any claim for alleged damages or other relief. NCR also maintains that the Complaint fails to define a certifiable class. In acknowledging that Plaintiffs' Complaint pleads facts establishing this Court's jurisdiction under CAFA, NCR does not concede that Plaintiffs or the putative class are entitled to damages or any relief whatsoever.

    11.    The Complaint alleges that NCR "develops, manufactures, and sells to its customers in the restaurant industry ... biometric-enabled Point-of Sale ('POS') systems," that "[e]ach NCR POS terminal model is configured so that it can be used in conjunction with a

biometric fingerprint scanner," and that workers "are required to have their fingerprint scanned in order to enroll them in an NCR database(s), from which NCR collects and/or otherwise obtains workers' biometric data." (Ex. 1 ¶¶ 2, 4, 36.) Plaintiffs also allege that NCR "collects and/or otherwise obtains workers' fingerprint data upon *each* subsequent scan of the workers' fingerprint to clock-in and clock-out of work or to otherwise access the POS terminal. "(*Id.* ¶ 36 (emphasis added).)

12. Plaintiffs seek statutory damages of $5,000 for *each* intentional and/or reckless violation of BIPA, or in the alternative, statutory damages of $1,000 for *each* negligent violation of BIPA. (*Id.* ¶¶ 86, 96, 105.) Plaintiffs purport to represent a class of "[a]ll individuals in the State of Illinois who had their biometric identifier(s) and/or biometric information collected, captured, taken, received, converted, or otherwise obtained, maintained, stored, used, shared, disseminated, or disclosed by NCR during the applicable statutory period" in violation of BIPA. (*Id.* ¶ 68.) While Plaintiffs do not allege the number of class members, they do allege at least $5,000 in damages per each class member; that means the amount in controversy exceeds $5,000,000 if there are at least 1,001 class members. The purported class—which allegedly includes *all* individuals in the State of Illinois that scanned their fingerprints at an NCR POS system—easily exceeds 1,001 individuals. The Complaint therefore satisfies the amount in controversy requirement under CAFA.

    **B.**     **Diversity of Citizenship**

13. Plaintiffs allege they are residents of Illinois. (*Id.* ¶¶ 16–17.)

14. NCR is a Maryland corporation. (*Id.* ¶ 18.) Its principal place of business is Atlanta, Georgia. NCR is therefore a citizen of Maryland and Georgia for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

4

15. There is thus minimal diversity of the parties. *See* 28 U.S.C. § 1332(d)(2).

C. **Other Requirements**

16. NCR is a corporation. (Ex. 1. ¶ 18.) NCR is not a State, State official, or other government entity. *See* 28 U.S.C. § 1332(d)(5)(a).

17. Because NCR is not a citizen of Illinois, this Court may not decline to exercise jurisdiction under 28 U.S.C. §§ 1332(d)(3) or 1332(d)(4)(A)(i)(II)(cc).

18. Plaintiff alleges that the class includes *all* individuals in the State of Illinois that scanned their fingerprints at an NCR POS system. (Ex. 1 ¶ 68.) The proposed class therefore exceeds 100 members as required by CAFA. *See* 28 U.S.C. § 1332(d)(5)(b).

## NO NEED FOR CONSENT TO REMOVAL

19. There are no defendants other than NCR, so there are no defendants whose consent is required for removal. *See* 28 U.S.C. § 1446(b)(2)(A).

## TIMELINESS

20. This Notice of Removal is timely, as it is being filed within 30 days of service of the Complaint on NCR. *See* 28 U.S.C. § 1446(b)(1).

## VENUE FOR REMOVAL

21. Because this action is brought in the Circuit Court of Cook County, Illinois, venue for purposes of removal is proper in this Court under 28 U.S.C. § 93(a)(1). *See* 28 U.S.C. §§ 1441(a), 1446(a).

## NOTICE OF FILING OF REMOVAL

22. Promptly after filing this Notice of Removal, NCR will provide written notice of the removal to Plaintiffs through their attorney of record and to the Clerk of the Court of the Circuit Court of Cook County, Illinois. *See* 28 U.S.C. § 1446(d).

## CONCLUSION

23. All requirements for diversity and removal jurisdiction have been met. NCR therefore provides notice that this action is removed to this Court for all future proceedings.

Dated: June 10, 2022                    Respectfully submitted,

*/s/ Kathleen L. Carlson*
Kathleen L. Carlson
Andrew F. Rodheim
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
kathleen.carlson@sidley.com
arodheim@sidley.com

Brain W. Tobin
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896 6000
Facismile: (213) 896-6600
btobin@sidley.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2022, I caused the foregoing to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

    */s/ Kathleen L. Carlson*
    Kathleen L. Carlson
    SIDLEY AUSTIN LLP
    One South Dearborn
    Chicago, IL 60603
    (312) 853-7000
    kathleen.carlson@sidley.com

    *Counsel for Defendant*